# SUPREME COURT.

## POWERS agt. TRENOR.

*Motion to set aside judgment of foreclosure, for irregular appearance of attorney.*

Where merits are shown, and the insolvency of the attorney may be inferred, the court will let in the defendant on the merits, on a motion to set aside a judgment of foreclosure.

Where the right claimed by the defendant to have the service and judgment set aside without terms, it appears that the right of merits is against the defendant, his motion will be denied.

*New York, at Chambers, October,* 1874.

MOTION to set aside judgment of foreclosure for irregularity.

DONOHUE, *J.* — This motion is made, on behalf of the defendant, Trenor, to set aside a judgment in foreclosure. The sole ground of the motion is, that there was no service on or appearance for the party. It is not denied that there was an actual appearance by attorney, but it is claimed the attorney was not authorized. The court will not, on this motion, as a matter of right, on the part of the defendant in default, look behind the appearance. It will, where merits are shown, and insolvency of the attorney may be inferred, let in the defendant on the merits; but on the motion he puts his claim on no such ground. He insists on the right to have the court set aside the judgment, regular on its face, and leave the plaintiff to make a new service on the merits of the appearance. I think the willful misstatement of the defendant's son, that he never authorized an appearance, met by his

Powers agt. Trenor.

written authority, shows an entire bad faith on his part, tainting the whole merits of the motion.   So far as the merits of the motion are before the court, in aid simply of the right claimed by the defendant to have the service and judgment set aside without terms, the right of merit is against the defendant; his denial of the execution of the mortgage, met as it is, seems to imply an equal forgetfulness as evinced by his son.

Motion denied.